## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOYOTA MOTOR CREDIT CORPORATION,** | : | **NO. 3:23-cv-00377** |
| | : | |
| **Plaintiff,** | : | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **BOROUGH OF WYOMING, PA and BOVANI'S TOWING & SERVICE, INC.** | : : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM

Presently before the court is Defendant Bovani's Towing & Service, Inc. ("Bovani's") motion to dismiss. (Doc. 14). This dispute arises out the Defendants Borough of Wyoming ("Wyoming") and Bovani's allegedly unconstitutional seizure of a 2017 Toyota Rav4 vehicle ("Vehicle"), in which Plaintiff Toyota Motor Credit Corporation ("Toyota") holds a security interest or lien. For the reasons stated below Bovani's motion is **DENIED**.

### I.    Background

Wyoming uses Bovani's to regularly tow, store, and eventually dispose of vehicles seized by its police in the course of their law enforcement duties. Wyoming does not directly pay Bovani's for this service. Instead Bovani's accepts possession of seized vehicles as payment for the services it provides Wyoming. Bovani's then holds the seized vehicle until the owner

pays its towing and storage fees. If no one pays the fees on a given vehicle Bovani's sells that vehicle to recoup its expenses.

The Vehicle here was owned by Gerald T. Clisham ("Mr. Clisham") but Toyota held a security interest and lien in the Vehicle entitling it to immediate possession of the Vehicle by reason of default on its credit agreement with Mr. Clisham. On or about August 28, 2021, Mr. Clisham defaulted on his agreement with Toyota, Wyoming took custody of the Vehicle, and Bovani's towed it away. On or about December 14, 2021, 108 days later, Toyota discovered the vehicle was being stored at Bovani's.  On December 15, 2021, Toyota demanded Bovani's release the Vehicle, but Bovani's refused unless Toyota paid its towing and storage fees. Toyota did not pay the fees and Bovani's did not release the Vehicle. Toyota was not given prior notice, a hearing, or compensation by Wyoming or Bovani's related to the Vehicle.

On March 2, 2023, Toyota filed a complaint against Wyoming and Bovani's under 42 U.S.C §1983 alleging violations of its Fourth, Fifth, and Fourteenth Amendment rights by both Defendants. Toyota also brought a variety of state law causes of action against only Bovani's and seeks a declaratory judgment that any law cited by either Wyoming or Bovani's to justify their actions is unconstitutional. On April 5, 2023, Bovani's filed a

motion to dismiss Toyota's complaint for failure to state a claim. Bovani's motion has been fully briefed and is ripe for review.

## II.   Legal Standard

## A. Motion to Dismiss

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under the pleading regime established by [*Bell Atl. Corp.* v.] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must

- 3 -

"tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the court distinguishes between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

- 4 -

**B. 42 U.S.C. §1983**

42 U.S.C. §1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. To state a cause of action under §1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005).

**III.   Discussion**

**A. Toyota has plausibly alleged Bovani's is a State Actor.**

The question of state action turns on "whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citation omitted).

A plaintiff may establish a nexus in one of three ways: (1) "the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "the private party has acted with the help of or in concert with state officials"; and (3) "the [s]tate has so far insinuated itself into a position of

> interdependence with the acting party that it must be recognized
>
> as a joint participant in the challenged activity."

*Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). Here Toyota has argued Bovani's exercised a traditionally exclusive prerogative of the state and acted under the mantle of state authority when it towed and stored the Vehicle without its owners' permission. (Doc. 31 at 8-9). Bovani's rightfully claims that the towing of vehicles is not the exclusive prerogative of the state. But towing of vehicles without their owner's permission is certainly not a private act. Bovani's was only able to tow the Vehicle because it did so with the help of Wyoming officials.

Toyota also alleges that Wyoming and Bovani's have a symbiotic or interdependent relationship through which Wyoming depends on Bovani's for free vehicle towing and storage, and Bovani's depends on Wyoming for a steady stream of cars on which it can collect towing and storage fees. (Id. at 9). Such allegations have supported numerous §1983 actions against private towing companies. *See e.g. Mays v. Scranton City Police Dep't*, 503 F. Supp. 1255, 1258 (M.D. Pa. 1980) ("It is precisely because Gallucci['s towing company] removed the car pursuant to state law, however, that exposes him to liability under 42 U.S.C. §1983.") Thus, based on Plaintiff's allegation Bovani's appears to have acted under color of state law and at this

stage of the proceeding can be characterized as a state actor for §1983 purposes.

### B. Toyota has Pled a Plausible and Ripe Due Process Claim.

To make out a due process violation, a plaintiff must show the deprivation of a cognizable property interest without constitutionally sufficient process. *See Montanez v. Secretary Pennsylvania Department of Corrections*, 773 F.3d 472, 482 (3d Cir. 2014). Central to the definition of due process is the right to notice and the opportunity to be heard at a meaningful time and meaningful place. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

Here Toyota has plausibly alleged a property interest cognizable under the Fourteenth Amendment. *See, Am. Honda Fin. Corp. v. Twp. of Aston*, 546 F. Supp. 3d 371, 379 (E.D. Pa. 2021) citing *Ford Motor Credit Co. v. NYC Police Dept.*, 503 F.3d 186, 191 (2d Cir. 2007) (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, (1983)) ("a security interest is indisputably a property interest protected by the Fourteenth Amendment"). Toyota claims Bovani's seizure and retention of the Vehicle impaired this right by depriving it of the collateral for its lien while that collateral's value steadily depreciated. Bovani's counters that it lawfully obtained title under Pennsylvania's Abandon Vehicle Statute, 75 Pa. C.S. §7305. Even if this

was true, Bovani's still does not explain how that transfer would extinguish Toyota's lien and in turn its property interest in the vehicle.

Likewise, Toyota has plausibly alleged the deprivation of its property without sufficient process. Bovani's claims Toyota received notice under §7305 on February 1, 2022, 157 days after the Vehicle was towed, but Toyota claims it did not receive notice until March 15, 2022, 199 days after the Vehicle was towed. (Doc. 31 at 19). Regardless other courts in Pennsylvania have found far shorter delays constituted due process violations. *See Aston*, 546 F. Supp. 3d 371 (E.D. Pa. 2021) (Township's failure to provide lienholder with notice and opportunity to request hearing until 25 days after seizing vehicle violated lienholder's rights to due process.")

Bovani's further claims that Toyota's due process claim is not ripe for review because it did not avail itself of the administrative remedies available under §7305. (Doc. 27 at 10). But again, other courts in Pennsylvania have found that post-deprivation remedies in this context do not cure due process rights violations. *See Aston*, 546 F. Supp. 3d at 383 (E.D. Pa. 2021).

Moreover, Toyota claims that §7305 is inapplicable because a vehicle seized by law enforcement is not abandoned. (Doc. 31 at 18). Either way a plaintiff need only show lack of adequate state law remedy in cases of

random and unauthorized deprivations by individuals. *Revell v. Port Auth. of New York*, *New Jersey*, 598 F.3d 128, 138 (3d Cir. 2010) (emphasis added) (citing *Hudson v. Palmer*, 468 U.S. 517 at 533 (1984). Here Toyota asserts that the alleged due process violation happened as part of Defendants pattern and practice. (Id. at 3). Thus, given Toyota's property interest in the vehicle and the lack of any timely notice let alone hearing afforded to it by Bovani's regarding its interference with that interest, Toyota has pled a plausible and ripe due process violation.

## C. Toyota has Pled a Plausible Fourth Amendment Unreasonable Seizure Claim.

Under the Fourth Amendment a "seizure" of property occurs when there is some meaningful interference with an individual's possessor interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Toyota alleges meaningful interference with its possession of the Vehicle. (Doc. 1 ¶16).   Specifically, it alleges that both the initially warrantless seizure of the Vehicle and holding of it for longer than required to effectuate the purpose of the warrantless stop were unreasonable under the Fourth Amendment. (Doc. 31 at 11) Bovani's contends without citing any authority that its adherence to state law defeats these claims. (Doc. 43 at 6). But adherence to state law alone does not automatically legitimize its actions

under the constitution. *See United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297, 1302 (3d Cir. 1978) ("[T]he government may not by exercising its power to seize, effect a *De facto* forfeiture by retaining the property seized indefinitely...."); *See also Rosemont Taxicab Co. v. Philadelphia Parking Auth.*, 327 F. Supp. 3d 803 (E.D. Pa. 2018) (Vehicle owner established prima facia violation of the search and seizure clauses under §1983, where it was undisputed that parking authority seized vehicles without a warrant and with no pre-deprivation notice or hearing.) Thus, Toyota has pled a plausible claim of unreasonable seizure under the Fourth Amendment.

### D. Toyota has Pled a Plausible Fifth Amendment Takings Claim.[1]

A property owner has an actionable Fifth Amendment takings claim when the government takes their property without paying for it, and thereafter may bring their claim in federal court under §1983. *See Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019). *See also Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631, (2023) (Government's retention of the money remaining after disputedly abandoned property was

---

[1] Since Toyota acknowledges that it never intended to bring a Fifth Amendment Due Process Claim, the court will not address the plausibility of that claim.

- 10 -

sold was a classic taking for which taxpayer was entitled to just compensation).   As previously stated, Toyota has plausibly pled that Bovani's is a state actor, and it has a cognizable property interest in the Vehicle. Additionally, regardless of the validity of Bovani's fees, under *Tyler* Toyota has a plausible claim to just compensation for the difference between the fees and value of the Vehicle. Thus, Toyota has also stated a plausible claim under the Takings Clause of the Fifth Amendment.

## E. The Court Retains Supplemental Jurisdiction over Toyota's State Law Claims.

Since the court has not dismissed Toyota's federal claims it retains supplemental jurisdiction over Toyota's state law causes of action.

## IV.   Conclusion

For the reasons stated above, there appears to be numerous material factual matters that remain in dispute and will be aided by additional discovery. Therefore, Bovani's motion to dismiss is **DENIED** at this stage of the proceeding. An appropriate order follows.

MALACHY E. MANNION
United States District Judge

**DATE: November 9, 2023**
23-0378-01

- 11 -