**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TOYOTA MOTOR CREDIT CORPORATION,** | : | **NO. 3:23-cv-00377** |
| | : | |
| **Plaintiff,** | : | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **BOROUGH OF WYOMING, PA and BOVANI'S TOWING & SERVICE, INC.** | : | |
| | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is Defendant Borough of Wyoming's ("Wyoming") motion to dismiss. (Doc. 15). This dispute arises out of Defendants Wyoming and Bovani's Towing & Service Inc. (Bovani's) allegedly unconstitutional seizure of a 2017 Toyota Rav4 vehicle ("Vehicle"), in which Plaintiff Toyota Motor Credit Corporation ("Toyota") holds a security interest or lien. For the reasons stated below Wyoming's motion is **DENIED**.

**I.     Background**

Wyoming police routinely take custody of vehicles in the course of their law enforcement duties. Wyoming uses Bovani's to regularly tow, store, and eventually dispose of those vehicles. Wyoming does not directly pay Bovani's for this service. Instead Bovani's accepts possession of seized

vehicles as payment for the services it provides Wyoming. Bovani's then holds the seized vehicle until the owner pays its towing and storage fees. If no one pays the fees on a given vehicle Bovani's sells that vehicle to recoup its expenses.

The Vehicle here was owned by Gerald T. Clisham ("Mr. Clisham") but Toyota held a security interest and lien in the Vehicle entitling it to immediate possession of the Vehicle by reason of default on its credit agreement with Mr. Clisham. On or about August 28, 2021, Mr. Clisham defaulted on his agreement with Toyota, Wyoming took custody of the Vehicle, and Bovani's towed it away. On or about December 14, 2021, 108 days later, Toyota discovered the vehicle was being stored at Bovani's.  On December 15, 2021, Toyota demanded Bovani's release the Vehicle, but Bovani's refused unless Toyota paid its towing and storage fees. Toyota did not pay the fees and Bovani's did not release the Vehicle. Toyota was not given prior notice, a hearing, or compensation by Wyoming or Bovani's related to the Vehicle.

On March 2, 2023, Toyota filed a complaint against Wyoming and Bovani's under 42 U.S.C §1983 alleging violations of its Fourth, Fifth, and Fourteenth Amendment rights by both Defendants. Toyota also brought a variety of state law causes of action against only Bovani's and seeks a declaratory judgment that any law cited by either Wyoming or Bovani's to

- 2 -

justify their actions is unconstitutional. On April 10, 2023, Wyoming filed a motion to dismiss Toyota's complaint for failure to state a claim. Wyoming's motion has been fully briefed and is ripe for review.

## II.   Legal Standard

### A. Motion to Dismiss

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the

sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the court distinguishes between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### B. 42 U.S.C. §1983

42 U.S.C. §1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. To state a cause of action under §1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005).

### III.    Discussion

### A. Wyoming is a State Actor.

It is undisputed that Wyoming a borough incorporated under the law of Pennsylvania is a state actor and as such is liable under §1983 for constitutional violations like those alleged here.

### B. Toyota has Alleged a Constitutionally Cognizable Property Interest in the Vehicle.

Toyota has plausibly alleged a property interest cognizable under the Fourteenth Amendment. *See, Am. Honda Fin. Corp. v. Twp. of Aston*, 546 F. Supp. 3d 371, 379 (E.D. Pa. 2021) citing *Ford Motor Credit Co. v. NYC Police Dept.*, 503 F.3d 186, 191 (2d Cir. 2007) (citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798, (1983)) ("a security interest is indisputably a

- 5 -

property interest protected by the Fourteenth Amendment"). Wyoming's seizure and retention of the car deprived Toyota of its collateral while the collateral's value steadily depreciated. *See Aston*, 546 F. Supp. 3d 371, 375 (E.D. Pa. 2021) ([v]ehicle remained at [the] impound yard, accruing storage fees and depreciating in value.") Accordingly, when as here the Fourth Amendment is applied through the Fourteenth Amendment, the property interest asserted by Toyota is constitutionally cognizable.

Wyoming claims that Toyota cannot satisfy the Third Circuit's test to establish that is had a "possessory interest" in the Vehicle but in doing so overlooks or ignores the distinction between property and possessory interests drawn in the authority it cites. True the Supreme Court has declined to find a Fourth Amendment possessory interest in an item when "neither ownership **nor** possession" of the item was shown. *See United States v. Miller*, 425 U.S. 435, 440, (1976). But here ownership has been shown. Accordingly, the Third Circuit test for possession is inapplicable.

### C. Toyota has Stated a Plausible Fourth Amendment Illegal Seizure Claim.

Under the Fourth Amendment a "seizure" of property occurs when there is some meaningful interference with an individual's possessor interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113

- 6 -

(1984). Toyota alleges meaningful interference with its possession of the Vehicle. (Doc. 1 ¶16). Specifically, Toyota alleges that Wyoming seized the Vehicle without a warrant and the continued detention of the Vehicle was not justified by any warrant exception. (Doc. 30 at 6). Wyoming argues it did act pursuant to a valid warrant exception, but as Toyota correctly points out such arguments are premature on a 12(b)(6) motion. (Id. at 13). Regardless Toyota alleges that Wyoming's turnover of the Vehicle to Bovani's would not be covered by any warrant exception making the execution of any otherwise lawful seizure unreasonable under the Fourth Amendment. *See Jacobsen* 466 U.S. 109, 113 (1984) ([A] seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition ...."). Thus, Toyota has stated a plausible Fourth Amendment illegal seizure claim.

### D. Toyota has Stated a Plausible Fifth Amendment Takings Clause Claim.[1]

A property owner has an actionable Fifth Amendment takings claim when the government takes their property without paying for it, and thereafter may bring their claim in federal court under §1983. *See Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 204 L. Ed. 2d 558 (2019). As previously stated Toyota plausible alleges a property interest in the Vehicle and it is undisputed Wyoming took that property without paying for it. Wyoming claims that since this seizure was made pursuant to its police power it is not subject to the Takings Clause. (Doc. 26 at 18). Specially it argues that because the Vehicle was not used for a public purpose Toyota's claim fails to check all the boxes of a §1983 Fifth Amendment claim. (Doc. 41 at 4); *See also Frein v. Pennsylvania State Police*, 47 F.4th 247, 251 (3d Cir. 2022) (A §1983 claim checks all the "Fifth Amendment boxes" where it alleges that private property was seized without just compensation and used for a public purpose.) However, Toyota argues that although the Vehicle was not seized for a public purpose it was used for one, namely compensating

---

[1] Since Toyota acknowledges that it never intended to bring a Fifth Amendment Due Process Claim, the court will not address the plausibility of that claim.

Bovani's. (Doc. 30 at 21). Whether such use is a public purpose under *Frein* is a factual question not appropriate for resolution at this stage of the proceeding. Furthermore, adherence to state statutes as Wyoming claims it and Bovani's did here does not automatically constitutionalize their actions. This is especially true given that Toyota disputes the applicability of that statute. (Id. at 24). Thus, Toyota has stated a plausible Fifth Amendment Takings Clause Claim.

## E. Toyota has Stated a Plausible Fourteenth Amendment Due Process Violation.

To make out a due process violation, a plaintiff must show the deprivation of a cognizable property interest without constitutionally sufficient process. *See Montanez v. Secretary Pennsylvania Department of Corrections*, 773 F.3d 472, 482 (3d Cir. 2014). Central to the definition of due process is the right to notice and the opportunity to be heard at a meaningful time and meaningful place. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). Here Toyota has alleged a property interest cognizable under the Fourteenth Amendment as well as deprivation of that interest without pre or post-deprivation due process.

Wyoming contends that Toyota's pre-deprivation due process claims fail since it would have been impractical for it to provide notice and hearing

before towing the vehicle (Doc. 26 at 22). While this may be true, Toyota rightfully points that the only cases involving motor vehicles Wyoming cites in support of this proposition involve municipalities that afforded due process protections post-deprivation. (Doc. 30 at 28). Thus, Toyota's due process claims predicated on pre-deprivation procedural due process do not fail as a matter of law.

Wyoming also contends that Toyota's post-deprivation due process claims fail because it has access to state law remedies. (Doc. 26 at 27). However, courts have found in this context that post-deprivation remedies alone do not cure due process rights violation. In *Aston*, availability of post-deprivation remedies for vehicle lienholder did not cure township's violation of lienholder's due process rights by failing to provide notice and opportunity to request a hearing until 25 days after seizing vehicle. 546 F. Supp. 3d at 383 (E.D. Pa. 2021). While the lienholder in *Aston* could have eventually requested a hearing to dispute the vehicle was actually abandoned and if successful would have been spared towing and storage fees, that remedy was still inadequate because the lienholder would not have recovered loses caused by vehicle's depreciation. *Id*.

If such post-deprivation remedies are not an adequate substitute for timely due process, then neither is the ability to sue after the fact in state

- 10 -

court. This is especially given Wyoming's undisputed failure to provide any notice let alone hearing to Toyota. Moreover, even if it was not true a plaintiff need only show lack of adequate state law remedy in cases of random and unauthorized deprivations by individuals. *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 138 (3d Cir. 2010) (emphasis added) (citing *Hudson v. Palmer*, 468 U.S. 517 at 533 (1984). Here Toyota asserts that the alleged due process violation happened as part of Defendants' pattern and practice. (Doc. 30 at 5). Thus, Toyota's due process claims predicated on post-deprivation procedural due process do not fail as a matter of law and in turn it has stated a plausible due process violation under the Fourteenth Amendment.

## F. Toyota has Stated a Plausible Claim under the Declaratory Judgement Act.

Toyota has not challenged Wyoming's argument that Count IV of the complaint seeking a declaratory judgment under 28 U.S.C. §2201 should be dismissed because that statute does not provide an independent cause of action. However, the cases cited by Wyoming in support of this proposition dismissed declaratory judgment claims when those claims were the only count or duplicative of other counts. (Doc. 26 at 32). Here Toyota's claim for declaratory relief is neither its only claim or duplicative of its other claims. It's

a unique claim with a remedy not available under its other claims. Thus, Toyota has stated a plausible claim under the declaratory judgment act.

## IV.   Conclusion

For the reasons stated above, there appears to be numerous material factual matters that remain in dispute and will be aided by additional discovery. Therefore, Wyoming's motion to dismiss is **DENIED** at this stage of the proceeding. An appropriate order follows.

 

**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 9, 2023**
23-0378-02

- 12 -